# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-00-25-R |
| ) | |
| ROBERTO BARRIO, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is the Motion to Alter or Amend the Court's Judgement denying Defendant's Motion for Reduced Sentence, Doc. No. 1079, filed by Defendant Barrio, *pro se*, pursuant to Federal Rule of Civil procedure 59(e). For the reasons set forth below, the Court denies Defendant's motion.

"Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) motions may be granted when "'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). But a Rule 59(e) motion is not an appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *see*

1

*also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (internal quotation marks and citation omitted). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson*, 921 F.3d at 929.

Defendant points to no intervening change in the law or new evidence. Instead, he alleges that relief is warranted to correct clear error or prevent manifest injustice. First, Defendant Barrio takes issue with the Court's citation to *United States v. Westbrook*, No. CR 3:09-714-2-CMC, 2019 WL 1542571, *3 (D.S.C. Apr. 9, 2019), *aff'd*, 775 F. App'x 762 (4th Cir. 2019). He claims that *Westbrook* differs from his case in two ways: (1) Westbrook plead guilty and made stipulations concerning drug type and amount while Mr. Barrio did not; and (2) unlike Westbrook, Mr. Barrio's drug conspiracy charges were listed in a single count. Doc. No. 1079, p. 2. Neither of these differences undermine *Westbrook*'s relevance, nor do they demonstrate that the Court committed any type of clear error.

Next, Mr. Barrio argues that the Court impermissibly failed to consider other cases before ruling on his motion for reduced sentence. Doc. No. 1079, pp. 2–3. Mr. Barrio cites *United States v. Medina*, No. 3:05-CR-58 (SRU), 2019 WL 3766392 (D. Conn. Aug. 8, 2019) as an example of a case that would have altered the Court's judgment if considered. *Id.* Defendant is wrong. Although *Medina* granted First Step Act relief to a defendant like Mr. Barrio, the Court acknowledged that other courts have decided not to grant First Step Act relief to similarly situated defendants. *Id.* at *2. That one judge outside the Tenth

Circuit came to a different conclusion than the Court did in its judgment does not show clear error.

Mr. Barrio also cites to *United States v. Martin*, No. 03-CR-795 (ERK), 2019 WL 2571148, at *1 (E.D.N.Y. June 20, 2019) arguing that ambiguities in the First Step Act must be resolved in the defendant's favor. But unlike in *Martin* where an ambiguity existed as to whether the defendant's violation was a covered offense, here, no ambiguity exists. Defendant Barrio's violation was a covered offense; he was nonetheless ineligible for First Step Act relief. Ultimately, Mr. Barrio was convicted of a multi-drug conspiracy where the statutory penalties for the drug quantities were equal and only one was amended by the Fair Sentencing Act of 2010. *See* Doc. No. 1078. In addition to the foregoing, Defendant is reminded that nothing in the First Step Act requires the Court to reduce his sentence. Pub. L. 115-391 § 404(c).

Finally, Defendant Barrio argues that the Court imposed an illegal general sentence where violations mandating different statutory maximums were present in a single count of conviction. He contends that because the amount of cocaine base he was convicted of conspiring to possess and distribute leads to a lower statutory maximum—as amended by the Fair Sentencing Act of 2010—than the amount of powder cocaine, the Court was required to sentence below the lower statutory maximum. Doc. No. 1079, p. 3–4 (citing *United States v. Riley*, 142 F.3d 1254, 1256 (11th Cir. 1998)). This argument was raised by Mr. Barrio in his initial briefing, *see* Doc. No. 1069, p. 4, and addressed by the Court, *see* Doc. No. 1078, p. 4. As stated previously, a Rule 59(e) motion is not an appropriate

vehicle to "revisit issues already addressed." *Christy*, 739 F.3d at 539. Accordingly, the Court will not entertain this argument here.

For the foregoing reasons, the Court denies the Motion to Alter or Amend Judgement, Doc. No. 1079, filed by Defendant Roberto Barrio.

**IT IS SO ORDERED** this 7th day of February 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE